UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

----------------------------------------------------------------X
ANITA A. HOGGARD,                           :       CIVIL ACTION
                Plaintiff,        :
                                            :       No. 1:14-cv-999
      v.                                    :
                                            :
                                            :       COMPLAINT
DOCTOR'S ASSOCIATES INC. d/b/a SUBWAY;       :
FRANCHISE WORLD HEADQUARTERS, LLC;           :
SUBWAY REAL ESTATE CORP.; and               :
WAL-MART STORES, INC. d/b/a WALMART,         :
                Defendants.      :
----------------------------------------------------------------X

Plaintiff ANITA A. HOGGARD ("Plaintiff"), by and through her undersigned counsel, alleges:

## JURISDICTION

1. This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1).

2. In this civil action, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## PARTIES

### Plaintiff

3. Plaintiff is a natural person.

4. Plaintiff is a resident of Tippecanoe County, Indiana.

5. Plaintiff is a domicillary of Tippecanoe County, Indiana.

6. Plaintiff is a citizen of the State of Indiana.

### Defendants

7. Defendants in this action are DOCTOR'S ASSOCIATES INC. d/b/a SUBWAY, FRANCHISE WORLD HEADQUARTERS, LLC, SUBWAY REAL ESTATE CORP., AND WAL-MART STORES, INC. d/b/a/ WALMART (collectively "Defendants").

1

**Defendant DOCTORS'S ASSOCIATES INC. d/b/a SUBWAY**

8. Defendant DOCTORS'S ASSOCIATES INC. d/b/a SUBWAY ("SUBWAY") is a corporation organized and existing under the law of the State of Florida.

9. SUBWAY's principal place of business is in New Haven County, Connecticut.

10. SUBWAY is a citizen of the State of Florida.

11. SUBWAY is a citizen of the State of Connecticut.

12. SUBWAY is an American fast food restaurant franchise.

13. SUBWAY primarily sells submarine sandwiches ("subs") and salads.

14. SUBWAY is owned and operated by DOCTOR'S ASSOCIATES, INC.

15. SUBWAY is a registered trademark of DOCTOR'S ASSOCIATES,INC.

16. SUBWAY has 41,957 restaurants in 106 countries and territories as of June 10, 2014.

17. SUBWAY has 26,623 restaurants in the United States as of June 10, 2014.

18. SUBWAY is the largest single-brand restaurant chain and the largest restaurant operator globally.

19. SUBWAY's international headquarters is in Milford, Connecticut.

**Defendant FRANCHISE WORLD HEADQUARTERS, LLC**

20. Defendant FRANCHISE WORLD HEADQUARTERS, LLC ("FWH") is a limited liability company organized and existing under the law of the State of Connecticut.

21. FWH'S principal place of business in New Haven County, Connecticut.

22. FWH is a citizen of the State of Connecticut.

23. FWH is an affiliate of DOCTOR'S ASSOCIATES, INC.

24. FWH is a service provider to DOCTOR'S ASSOCIATES, INC.

25. FWH provides SUBWAY with certain services, including but not limited to marketing, training, and accounting services.

### Defendant SUBWAY REAL ESTATE CORP.

26. Defendant SUBWAY REAL ESTATE CORP. ("SREC") is a corporation organized and existing under the law of the State of Connecticut.

27. SREC's principal place of business in New Haven County, Connecticut.

28. SREC negotiates and signs all the master leases for every SUBWAY location.

29. SREC is a citizen of the State of Connecticut.

### Defendant WAL-MART STORES, INC. d/b/a WALMART

30. Defendant WAL-MART STORES, INC. d/b/a WALMART ("WALMART") is a corporation organized and existing under the law of the State of Delaware.

31. WALMART's principal place of business in Benton County, Arkansas.

32. WALMART is a citizen of the State of Delaware.

33. WALMART is a citizen of the State of Arkansas.

34. WAL-MART STORES, INC. branded as WALMART, is an American multinational retail corporation that runs chains of large discounted department stores and warehouse stores.

35. WALMART is the world's largest public corporation.

36. WALMART is the largest retailer in the world.

37. WALMART was founded by Sam Walton in 1962.

38. WALMART was incorporated on October 31, 1969.

39. WALMART has been publicly traded on the New York Stock Exchange since 1972.

40. WALMART is headquartered in Bentonville, Arkansas.

41. WALMART is the largest grocery retailer in the United States.

42. In 2009, WALMART generated 51 percent of its US$258 billion sales in the United States from grocery business.

43. In addition, WALMART owns and operates the Sam's Club retail warehouses in North America.

**All Defendants**

44. Upon information and belief, at all times mentioned in this Complaint, Defendants, and each of them, were the agents, employees, or representatives of their Co-Defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of agency and/or employment.

**FACTUAL ALLEGATIONS**

45. At all times mentioned in this Complaint, Defendants, and each of them, controlled, leased, owned, maintained, managed, and/or operated a restaurant known as Subway ("Restaruant"), located at 4205 Commerce Drive, Lafayette, of Tippecanoe County, Indiana 47905 ("Premises").

46. Defendants invited the general public, including Plaintiff, to enter the premises of the restaurant and to purchase various food items from Defendants.

47. On April 19, 2014, at approximately 01:25 P.M Est., Plaintiff was an invitee of the Restaurant and entered the Restaurant for the purpose of purchasing and eating various food items from the Restaurant.

48. Plaintiff then purchased a cold-cut combo meal, including a drink, at the Restaurant.

49. As Plaintiff approached the soda fountain in the Restaurant to fill a drink cup, she suddenly and without warning slipped as the wet mat under her feet slid from under her, and she fell violently to the floor.

50. The fall caused Plaintiff to sustain personal injuries and damages.

51. The soda fountain in the Restaurant had leaked fluid onto the floor and mat underneath it and constituted a dangerous condition on the Restaurant Premises.

52. Defendants failed to take action to assist Plaintiff until Plaintiff's husband solicited help by yelling, "My wife fell. Somebody needs to help!"

53. On information and belief, two employees of SUBWAY or Defendants argued about who should have to help before a stranger approached to help Plaintiff from the floor of the Premises.

54. One of SUBWAY's or Defendants' female employees departed from behind the Restaurant counter, retrieved a "wet floor" sign, and placed the sign in front of the soda machine on the floor of the Restaurant Premises.

55. The aforementioned SUBWAY or Defendants employee then obtained Plaintiff's name and phone number.

56. On information and belief, the aforementioned employee stated, "My boss said to send the medical bills to Subway."

57. On information and belief, WALMART's or Defendants' assistant manager, Brian, then approached Plaintiff saying, "Are you okay? I can see that you fell. I can see why."

58. On information and belief, WALMART's assistant manager, Brian, asked Plaintiff if she wanted an ambulance; Plaintiff responded in the affirmative.

59. During the wait for an ambulance, Plaintiff endured "blinding" pain.

60. When the ambulance arrived, a gurney was used by multiple paramedics to transport Plaintiff from her position in the Restaurant Premises onto the ambulance.

61. Plaintiff's excruciating pain did not begin to subside.

62. After hours and examination at St. Elizabeth Hospital located in Lafayette, Indiana, Plaintiff was released with pain medication and advised to follow up with a physician.

63. Plaintiff slept in a recliner with a pillow under her right knee because the pain of lying on her back in her own bed was unbearable.

64. Plaintiff awakened throughout the night in severe pain, feeling stiff and sore.

65. Approximately seven (7) to ten (10) days after the incident, Plaintiff saw Mark C. Page, M.D. ("Dr. Page"), an orthopedic surgeon, who examined Plaintiff's right knee and diagnosed Plaintiff with very deep bruising, but Dr. Page was unable to give a time for which it would heal.

66. Weeks later when Plaintiff was still in discomfort, Plaintiff's primary doctor referred Plaintiff to a physical therapist at IU Arnett Health located in Lafayette, Indiana.

67. The aforementioned physical therapist at IU Arnett Health evaluated Plaintiff and opined that Plaintiff also injured her hip and hamstring, with one aggravating the other.

68. Since the slip and fall incident at the Restaurant, Plaintiff has had, and continues to have, trouble and experiences episodes of pain when performing daily routines or sitting.

## COUNT I - NEGLIGENCE/PREMISES LIABILITY

69. Defendants, and each of them, having controlled, leased, owned, maintained, managed, and/or operated the Restaurant:

    a. Negligently controlled, leased, owned, maintained, managed, operated, and/or serviced the Premises by failing to properly safeguard Plaintiff against the

dangerous condition, or to warn Plaintiff of its existence, which directly and proximately caused Plaintiff to violently slip and fall on the wet mat and onto the Restaurant floor;

b. Failed to maintain the floor of the Restaurant in a reasonably safe condition;

c. Allowed a slippery substance to come into contact with a mat in front of the soda machine and remain on the floor of the Restaurant when Defendants, and each of them, knew or, in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers of the restaurant;

d. Failed to warn Plaintiff of the danger presented by the presence of the slippery substance and wet mat on the floor;

e. Failed to install a non-slip surface on the floor of the Restaurant; and

f. Failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

44. As a direct and proximate result of the negligence of Defendants, and each of them, as set forth above, Plaintiff slipped and fell within the Restaurant.

45. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered personal injuries and damages.

46. As a further direct and proximate result of the negligence of Defendants, and each of them, as set forth above, Plaintiff sustained the following personal injuries to her mind and body, including but not limited to the following:

   a. Knee injuries
   b. Direct Impact Right knee contusion
   c. Deep Knee Bruising;

    d. Back injuries,

    e. Lower Back Pain;

    f. Hip injuries;

    g. Leg injuries; and

    h. Hamstring muscle injuries.

47. As a further direct and proximate result of the negligence of Defendants, and each of them, as set forth above, Plaintiff sustained damages, including, but not limited to, the following:

    a. Pain and suffering;

    b. Pain walking and forced to walk slowly;

    c. Inability to perform routine chores;

    d. Emotional and mental distress;

    e. Humiliation,

    f. Shock;

    g. Fright,

    h. Loss of sleep;

    i. Anxiety;

    j. Instability;

    k. Embarrassment;

    l. Humiliation;

    m. Trouble sitting still comfortably;

    n. Inability to play with granddaughter on Easter Sunday;

    o. Inability to go to annual Easter bowling and regular bowling outings;

    p.  Pain resulting in inability to garden;

    q.  Inability to get on floor to play with granddaughter;

    r.  Diminished capacity to work, labor, and earn money;

    s.  Future anxiety, pain, and/or suffering;

    t.  special damages for past and future expenses for hospital, medical, and therapeutic care and treatment; and

    u.  Lost wages, future earnings, lost profits, and loss of earnings, earnings power, and opportunity.

48. Plaintiff has been prescribed medication for pain, including Hydrocodone-Acetaminophen (NORCO), which has not alleviated her symptoms.

49. Plaintiff continues to undergo regular medical or therapeutic treatment for her injuries.

WHEREFORE, Plaintiff ANITA A. HOGGARD prays for an entry of judgment against Defendants DOCTOR'S ASSOCIATES INC. d/b/a SUBWAY, FRANCHISE WORLD HEADQUARTERS, LLC, SUBWAY REAL ESTATE CORP., and WAL-MART STORES, INC. d/b/a/ WALMART, and each of them, awarding Plaintiff compensatory damages in the amount of One Million Dollars ($1,000,000.00 U.S.) or, in the alternative, an amount to be determined at trial, including interest, costs of this action, and such other and further relief as this Court may deem just and proper.

                                      Respectfully submitted,

Dated: Lafayette, Indiana  
        June 16, 2014

                                s/ Duran Keller  
                                DURAN KELLER, ESQ. (31743-79)  
                                KELLER LAW LLP  
                                8 North Third Street, Suite 403  
                                Lafayette, Indiana 47901  
                                (765) 444-9202 Telephone  
                                (765) 807-3388 Facsimile  
                                duran@kellerlawllp.com