UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANITA A. HOGGARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:14-cv-00999-TWP-DKL |
| DOCTOR'S ASSOCIATES INC. d/b/a | ) |
| SUBWAY® SANDWICH SHOP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Entry and Order on Plaintiff's *Motion to Determine the Sufficiency of Defendants' Responses to Plaintiff's First Set of Requests for Admissions and for Sanctions Pursuant to FRCP 36(a)(6)* [Dkt. 147]**

On October 9, 2015, Plaintiff filed her *Motion to Determine the Sufficiency of Defendants' Responses to Plaintiff's First Set of Requests for Admissions and for Sanctions Pursuant to FRCP 36(a)(6)*. Defendants have not filed any responses and the time for doing so has passed. The motion was referred to the undersigned for ruling. Having considered the motion, the Court rules as follows.

*Background*

Plaintiff commenced this action on June 16, 2014, alleging that she was injured when she slipped and fell on a wet mat in a Subway® Sandwich Shop under Defendants' control. Defendants deny liability.

In November 2014, the Court approved the Case Management Plan, as amended, setting July 8, 2015 as the deadline for dispositive motions; May 8, 2015 as the deadline for non-expert witness discovery and discovery relating to liability issues; and November 8, 2015 as the deadline for expert witness discovery and discovery relating to damages. In January 2015, District Judge Tanya Walton Pratt set the case for a final pretrial conference on February 24, 2016, and jury trial on March 21, 2016.

Plaintiff amended her complaint, adding new Defendants. As a result, the Court extended the discovery deadline for non-expert and liability issues to July 8, 2015, and extended the dispositive motions deadline to August 8, 2015. Defendants moved for extensions of the fact discovery deadline and dispositive motion deadline. On July 8, Judge Pratt granted their motion and extended the deadline for non-expert discovery and discovery relating to liability issues to September 8, 2015, and extended the deadline for filing dispositive motions to October 8, 2015. The Court advised that "[s]o as not to impact the March 21, 2016 trial date, parties should anticipate no further extensions in this matter."

On September 21, 2015, the undersigned held a telephonic status conference and set a schedule for the anticipated cross-motions for summary judgment. Defendants' motion was due on October 8, 2015; the deadline for Plaintiff's response and cross-motion for summary judgment was set for November 9, 2015.

On September 28, 2015, Plaintiff's counsel telephoned Defendants' counsel, attempting to resolve discovery disputes, but to no avail. Plaintiff's counsel wrote Defendants' counsel a letter the same day, outlining the disputes, and amended it two

days later.  On October 6, 2015, Plaintiff's counsel wrote another letter to Defendants' counsel regarding the discovery disputes.  Also on October 6, Plaintiff's counsel telephoned Defendants' counsel, but was unable to reach him and left messages with his office and on his cell phone.  Plaintiff's counsel then contacted the Court to arrange for a telephone conference to discuss the discovery disputes.

On October 8, 2015, the undersigned held a discovery conference in an effort to resolve the discovery disputes involving initial disclosures, interrogatories, and requests for admissions.  The undersigned indicated that if a formal motion to compel were before her, she would likely deny such a motion, explaining that Plaintiff waited too long to raise the discovery issues and raised them so close to the dispositive motion deadline that any order compelling discovery would likely interfere with that deadline and the trial setting.  Later that day, Defendants filed their motion for summary judgment with supporting brief and evidentiary submissions.

The next day, October 9, Plaintiff filed her *Motion to Determine the Sufficiency of Defendants' Responses to Plaintiff's First Set of Requests for Admissions and for Sanctions Pursuant to FRCP 36(a)(6)*.  Defendants filed no response.  The motion is ripe for ruling. Defendants' Responses to Plaintiff's Requests for Admissions were served on Plaintiff on April 2, 2015.  Plaintiff challenges the responses to Request Nos. 1, 6, 7, 8, 10, 11, 12, 13, 14, 17, 18, 20, 21, and 22 of Defendants Doctor's Associates, Inc., and Franchise World Headquarters, LLC; the responses to Request Nos. 6, 7, 8, 10, 11, 12, 13, 14, 17, 18, 20, 21, and 22 of Subway Real Estate Corp.; and the responses to Request Nos. 1, 7, 8, 10, 11, 12,

3

14, 17, 18, 20, 21, and 22 of Wal-Mart Stores, Inc. d/b/a Walmart. The responses to Request Nos. 1 and 6 state:

> Upon information and belief, the only persons with knowledge and information sufficient to respond to this Request are the plaintiff, and, employees of the franchisee, Roger and Cathy Bauer, or of Bauer, Inc., both of which were named by the Defendant as a non-party to this lawsuit. Therefore, despite a reasonable inquiry, defendant … lacks sufficient knowledge and information to either admit or deny the Request at this time.

The responses to the other Requests at issue are the same, except that Defendants also make objections to the Requests.

*Discussion*

Federal Rule of Civil Procedure 36 governs Requests for Admission. The rule provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). The rule allows a requesting party to move to determine the sufficiency of an answer. Fed. R. Civ. P. 36(a)(6).

The responses to the Requests at issue indicate that "despite a reasonable inquiry, defendant … lacks sufficient knowledge and information to either admit or deny the Request," which imply that Defendants made a reasonable inquiry. But the responses do not state what efforts were made to conduct a reasonable inquiry or that information "readily obtainable by the [defendant] is insufficient to enable it to admit or deny," as Rule 36 requires. However, the responses also indicate that the answering party believes that "the only persons with knowledge and information sufficient to respond" are

4

Plaintiff and employees of the franchisee—in other words, not the answering party or its employees or agents. This may explain why a reasonable inquiry would not provide Defendants with sufficient information to admit or deny the Request. Nonetheless, the responses may technically violate Rule 36.

But whether Plaintiff should be granted the relief she seeks is another matter. Like motions to compel discovery, motions to determine the sufficiency of an answer should be made in a timely manner. *See, e.g.*, *Norinder v. Fuentes*, 657 F.3d 526, 532 (7th Cir. 2011). When a party believes that an answering party gave inadequate responses to requests for admissions but shows a lack of diligence in pursuing the perceived inadequacies in a timely manner, a motion to determine the sufficiency of an answer should be denied for lack of diligence. *See, e.g,*, *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (holding district court did not abuse its discretion in denying plaintiff's motion to compel as untimely where plaintiff demonstrated a "a lack of diligence in pursuing the perceived inadequacies in discovery"; plaintiff failed to file the motion after discovery had closed and a summary judgment motion had been filed); *Balschmiter v. TD Auto Fin. LLC*, No. 13-CV-1186-JPS, 2015 WL 2451853, at *10 (E.D. Wis. May 21, 2015) (denying plaintiff's motion to compel where plaintiff showed a lack of diligence in pursuing the information sought despite knowing of the need for the information); *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 142 (S.D.N.Y. 2011) (denying plaintiff's motion to compel as untimely where plaintiff had "ample opportunity to obtain the information" during discovery and failed to timely raise the issue with the court).

Defendants served their responses to the Requests for Admissions on April 2; yet Plaintiff did not contact Defendants' counsel about any alleged insufficiencies in their responses until the end of September—almost 6 months later—and did not file her motion until October 9.  Thus, Plaintiff exhibited a lack of diligence in pursuing the perceived insufficiencies in the responses.  The time for discovery has passed.  The deadline for the filing of Defendants' summary judgment motion has passed, and such a motion was filed---all before Plaintiff filed the instant motion.  Furthermore, coming at this late date, a favorable ruling could impact the briefing of the cross-motions for summary judgment and the March 2016 trial setting.  Plaintiff's motion is untimely.

Accordingly, Plaintiff's *Motion to Determine the Sufficiency of Defendants' Responses to Plaintiff's First Set of Requests for Admissions and for Sanctions Pursuant to FRCP 36(a)(6)* [Dkt. 147] is **DENIED**.

**SO ORDERED THIS DATE:**  11/06/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record